**No. 55618.**—L. Bamberger & Co. *v.* United States, petition 6688–R (New York).

OLIVER, Chief Judge:   This is a petition for the remission of additional duties filed pursuant to section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain importations of linens and bicycles exported from Great Britain and imported at the port of Newark, N. J.

The merchandise in each instance was entered at the invoice prices and was appraised as entered.   The assistant manager of the foreign office of the importing concern testified that she was familiar with the circumstances surrounding the importation of the linens herein covered by entry N–1253 and stated that at the time of entry the importer was not aware of any other or different price for the merchandise than that stated in the consular invoice.   The record discloses that there was a mistake made by the shipper as to the correct price at which it was agreed to sell the merchandise.   The witness denied that the manufacturer ever informed the importer that the reason for the lower price stated on the invoice

was because of a mistake in style number. The petitioner's witness further testified that the prices on the order for the goods were the same as the invoice prices which the importer paid for the merchandise and at which it was entered and that the importer did not pay the actual advanced higher values.

The merchandise covered by entry N–1253 was appraised 3 days after entry. It was not until 1 month later that the importer was notified by the foreign shipper that the price stated in the consular invoice was too low. Upon receipt of such information, the importer notified its customs broker, who called this fact to the attention of the customs officials, but it was then too late to amend the entry. An appeal for reappraisement was taken in this case by the Government. The importer agreed by stipulation that the correct value for the merchandise was higher than that at which the goods were entered and the appeal was sustained.

Upon the entire record it seems clear that the importer herein had no intention of defrauding the Government and very obviously did not withhold any information or make any misstatement of facts to mislead the appraiser. In the light of subsequent events, it might well be that the importer might have gone further than it did before making entry, but we feel that the entire course of procedure followed by the importer was consistent with and clearly evinced a desire to cooperate with the Government and to make proper entry. Under the circumstances, we are of opinion that petitioner's application for relief with respect to the merchandise involved in entry N–1253 should be granted.

In the case of entry N–464, covering certain bicycles, the merchandise was also entered at the invoice price which was the same as the price at which the merchandise was ordered. The consular invoice, together with a so-called submission sheet requesting information as to value, was submitted to the examiner prior to entry. Despite the fact that the invoice itself indicated the existence of a higher foreign value, there is a notation on the submission sheet made by the examiner to enter the goods at the invoice unit value. While it is true that information as to value given by customs officials is not binding on the Government, we are satisfied that the action of the petitioner in relying upon such instructions was an honest mistake which warrants a finding in its favor and that entry of this merchandise at a less value than that found on final appraisement was without any intention to defraud, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Upon a consideration of the entire record, we are satisfied that entry of the merchandise in each case herein at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition is, therefore, granted and judgment will issue accordingly.